**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

COPPERHEAD INDUSTRIAL INC.
AND JEC DISTRIBUTORS, INC.

       Plaintiffs,                            1:17cv609
  v.

G.E. SCHMIDT, INC. AND                    Judge Dlott
KYOKUTOH CO., LTD.,                    Magistrate Judge Bowman

       Defendants.

## ORDER

This matter is before the Court pursuant to Defendants' motion for partial judgment on the pleadings (Doc. 56) and Plaintiffs' motion for leave to amend the complaint (Doc. 60). Both motions are fully briefed, including Plaintiffs' Notice of Supplemental Authority and Defendants response there to, and are ripe for decision. This case has been referred to the undersigned pursuant to 28 USC §636. (See Doc. 26).

Defendants move to dismiss Plaintiff JEC Distributors Inc. ("JEC") and all claims that it brings from this action. As this court previously mentioned in a footnote in a prior Report and Recommendation, the current complaint alleges only that JEC is a "non-exclusive licensee" of the asserted patents – which, Defendants' argue, means JEC lacks standing to bring its claims. This Court all but invited Defendants to raise the standing issue by stating, "the parties may wish to revisit the question of JEC's standing at a later point in the litigation." (See Doc. 31, FN6). Defendants then raised JEC's lack of standing as an affirmative defense in its answer and then subsequently filed this motion arguing that JEC suffers from no legal injury from infringement. Defendants rely on *Ortho*

*Pharmaceutical Corp. v. Genetics Institute, Inc.,* 52 F.3d n 1026 (Fed. Cir. 2005) and *Morrow v. Microsoft Corp.,* 499 F.3d 1332 (Fed. Cir. 2007) to support their argument. Defendants are correct. As alleged in the original complaint, JEC does not have standing. However, in response to Defendants' motion for partial judgement on the pleadings, Plaintiffs have moved for leave to file its first amended complaint.[1]

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 reinforces "the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982)). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *Gen'l Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising this discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). See also *Brumbalough v. Camelot Care Ctrs.*, Inc., 427 F.3d 996, 1001 (6th Cir. 2005).

---

[1] Of note, there is related litigation in the Northern District of Alabama between the same Plaintiffs in this case and Changer & Dresser, Inc. ("C&D"), a subsidiary of Defendant Kyokutoh Co. In the NDAL case, the Judge dismissed JEC's claims for lack of standing. See *0021526706 Ontario Ltd. v. Changer & Dresser, Inc.*, 1:18-cv-01228, 2019 WL 339177 (N.D. Ala. Jan. 28, 2019). However, after a review of the briefs in that case, it is apparent to this Court that neither party focused on the "non-exclusive licensee" issue but instead C&D was seeking to have Cooperhead dismissed for lack of standing for reasons that this Court previously denied. In the NDAL case, Plaintiffs had already filed their fifth amended complaint and did not seek leave to further amend as has been done in this matter. Furthermore, JEC has recently filed a motion for leave to file a (sixth) amended complaint to rejoin JEC as a Plaintiff in the NDAL case. (*Id.* at Doc. 149, filed August 22, 2019).

"Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim that is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570.

Plaintiffs now argue that the allegations set forth in the first amended complaint are sufficient to show that JEC does, in fact, have standing. The Court agrees. Plaintiffs ask to amend their complaint to allege that JEC has a non-written license with its related entity Copperhead thereby requiring the Court to "look to the parties' intentions and the realities of their arrangement to determine whether the licensee maintains sufficient rights over the patents-in-suit." (Doc. 60, PageID 1820-1821, 1847). Plaintiffs propose to allege that one person, Giuseppe Ruggiero, owns and controls both JEC and Copperhead and that the relationship between the two corporations is "an extremely close one." (Id. at PageID 1822, 1844). They further propose to allege that "JEC is the only party authorized to practice the patented invention in the United States, and has always been the sole licensee of the patents-in-suit" and that "Copperhead intended to grant JEC all rights needed to make, use and sell the patented products in the United States." (Id. at PageID 1823, 1847-1848).

In response, Defendants argue that the amendment is futile, is too late, is prejudicial and is brought in bad faith. Defendants argue Copperhead has the ability to grant a license to others and therefore JEC lack's standing. However, the proposed allegations state otherwise. Defendants argue that prior to this litigation being filed Copperhead had offered to grant a license to Defendants thereby demonstrating that JEC

3

was not the exclusive licensee of the patents-in-suit. The weakness in this argument is two-fold. First, there is evidence that Defendants were, in fact, negotiating with Mr. Ruggiero on behalf of JEC. (See Doc. 65-6, PageID1949). Second, the amended complaint alleges that Mr. Ruggiero is the decision maker for both Copperhead and JEC. Thus, in contemplating any agreement that Copperhead would make in regards to a licensee, it is alleged that it was done so with the consent and knowledge of JEC.

In addition, Defendants argue that Mr. Ruggiero's deposition testimony contradicts the proposed allegations and his "unsupported declaration." Mr. Ruggiero testified in his deposition that JEC was a nonexclusive licensee. However, a review of the entire deposition transcript shows that Mr. Ruggiero was "getting confused." At a hearing in the Alabama action the Court asked Plaintiffs' counsel to confirm that JEC is a non-exclusive licensee. (See Doc. 65, PageID 1883). Counsel responded by stating "there's a question about that" but then ultimately does confirm that there is no <u>written</u> agreement prohibiting Copperhead from granting a license to an entity other than JEC. (emphasis added). The Court is not permitted to make credibility determinations at this stage.

Although this case has been pending for two years, the Court does not find that Plaintiffs unduly delayed in requesting leave to amend. It was not until September of last year that an answer was finally filed, with an amended answer being filed in October, 2018. The motion to amend the complaint was filed in March, only in response to Defendants' motion for judgment on the pleadings. Defendants argue that the proposed amended complaint would be prejudicial because if JEC remains a Plaintiff its potential exposure increases. However, that is not a relevant factor for the court to consider at this time. The theory of Plaintiffs' case has not changed and the opportunity for Defendants

4

to pursue discovery on the issue of the license agreement has been known to Defendants for quite some time, and in fact, Mr. Ruggiero was asked about it his disposition. However, should additional discovery be necessary, the Court will permit it .

Thus, for the reasons set forth above, the Court hereby GRANTS, Plaintiffs' motion for leave to amend their complaint. (Doc. 60).  Plaintiffs shall, within 7 days, electronically file the amended complaint as a stand-alone document.  Defendants' motion for judgment on the pleadings (Doc. 56) is hereby DENIED as MOOT in light of the granting of Plaintiffs' motion for leave to file an amended complaint.[2]

IT IS SO ORDERED.

       s/Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

---

[2] *See Yates v. Applied Performance Techs, Inc.*, 205 F.R.D. 497, 499 (S.D.Ohio 2002)(the amended complaint will supersede the original complaint and render pending motion moot).